Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8157 | **DATE** | 2/4/2002 |
| **CASE TITLE** | AEA Technology, PLC vs. Thomas & Bets Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons stated on the attached Memorandum Opinion and Order, defendant's motion for reconsideration of the court's denial of its motion for summary judgment of inequitable conduct [52-1] and motion to bifurcate [52-2] is denied. Plaintiff's motion for reconsideration of the court's granting in part of defendant's motion to strike the declaration of Keith Rodney Mansell [58-1] is granted in part and denied in part with paragraph six of the affidavit admitted. Enter Memorandum Opinion and Order. Status hearing set for 2/20/02 at 9:00 a.m. in courtroom 2214.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 04 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 65 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/4/2002 date mailed notice | |
| KF | courtroom deputy's initials | 02 FEB -4 AM 10:30 Date/time received in central Clerk's Office | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AEA TECHNOLOGY, PLC, | ) |
| Plaintiff, | ) |
| | ) No. 99 C 8157 |
| v. | ) |
| | ) |
| THOMAS & BETTS CORP., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

On September 28, 2001, Judge Rosemond denied defendant Thomas & Betts Corporation's ("T&B") motion for summary judgment on its defense of inequitable conduct in this patent infringement case. In his order, Judge Rosemond struck certain portions of the affidavit of Keith Mansell, the patent attorney who originally prosecuted the relevant patents for plaintiff AEA Technology ("AEA"). T&B has moved for reconsideration of Judge Rosemond's denial of summary judgment, arguing that new law and an error by Judge Rosemond compel us to infer that AEA had the requisite intent to deceive, and thus, a finding of inequitable conduct is proper. AEA asks that we reconsider Judge Rosemond's decision to strike part of Mansell's affidavit. For the following reasons, we deny T&B's motion and grant AEA's motion in part and deny it in part.

**Procedural Background**

In 1999, AEA filed this lawsuit against T&B, contending that it infringed upon two of AEA's patents regarding lithium ion technology (the '518 patent and the '215 patent).

In answering the complaint, T&B raised the defense of inequitable conduct, alleging that when AEA prosecuted its patents in front of the United States Patent and Trademark Office ("USPTO"), it intentionally failed to disclose two foreign patents (the German reference and the Japanese reference) that contained claims similar or identical to those in the '518 and '215 patents. AEA had become aware of these references when it attempted to file its patents before the European Patent Office (EPO); the EPO initially rejected the patent applications in light of claims in the German and Japanese references. AEA subsequently withdrew its applications and submitted a new one, differentiating its technology from the German and Japanese references.[1]

In briefing the motion for summary judgment, the parties agreed about most of the material facts in the case, including the fact that Mansell knew about the foreign references but did not disclose them to the USPTO. Judge Rosemond denied summary judgment because although he found the references to be material to the patentability of the '215 and '518 patents, he did not find evidence of intent to deceive the USPTO. In addition to denying the motion for summary judgment, Judge Rosemond struck certain portions of the Mansell affidavit AEA submitted in support of its Rule 56.1 statement of additional undisputed facts.

In the affidavit, Mansell stated that he did not remember exactly why he had not

---

[1] AEA differentiated the Japanese reference by noting that "the cathode described in the reference is structurally different from the electrode in the claims since the $\alpha$-$NaCrO_2$ layer structure of the latter is not stable at high temperatures for cation deficient systems. . ." AEA differentiated the German reference by stating, *inter alia*, that the two patents were similar compositionally, but not clearly similar structurally because even though the German reference had a layered structure like the AEA patent, it did not apparently have the $\alpha$-$NaCrO_2$ structure.

2

disclosed the foreign references[2] but that he did not intend to deceive the USPTO when he withheld the references, and that he has never intentionally withheld material references from the USPTO or any patent office when applying for a patent. (stricken paragraph 6). In stricken paragraphs seven through nine, Mansell discusses his understanding of how the EPO operates and states that it was possible that he had believed the information in the references was cumulative of other information disclosed in the patent applications and thus not necessary. Judge Rosemond found that these paragraphs constituted mere speculation by Mansell as to his possible reasons for not disclosing the references, and thus they were not admissible evidence.

Because Judge Rosemond denied the motion for summary judgment, he did not consider an affidavit plaintiff submitted from its expert, Dr. Peter Bruce in opposition to the motion. In his affidavit, Dr. Bruce opined that the two foreign references were cumulative of other information in the applications for the '215 and '518 patents, and thus, were not relevant to the prosecution of the patents and did not need to be disclosed. Judge Rosemond only decided that the references were material in general, that is, that the information contained therein could have affected the patentability of the AEA patents, but did not go on to consider whether they were cumulative, and thus not material in this particular case.

**LAW**

We may reconsider a previously decided issue if there has been either a change in the law or facts since the court's original consideration or a misunderstanding of the

---

[2] The patents were prosecuted in 1981 and 1982, and Mansell submitted his affidavit in 2001, nearly 20 years later.

3

law or facts by the court. See *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). In this case, T&B argues the somewhat contradictory positions that a recently decided 7th Circuit case constitutes new law on the issue of intent in inequitable conduct cases, and also that Judge Rosemond made an error of law by incorrectly following established Seventh Circuit precedent on finding inequitable conduct. After reviewing the new case, *CFI, Inc. v. Franklin Corp.*, 265 F.3d 1268 (Fed. Cir. 2001), we agree with the plaintiff that it does not constitute new law. Instead, *CFI* merely restates established precedent regarding finding the requisite intent in inequitable conduct cases.

*CFI* states the rule of law for finding in favor of T&B: "to prevail on its defense of inequitable conduct, (T&B) must prove by clear and convincing evidence that (AEA) withheld material information from the USPTO with intent to deceive." *CFI*, 265 F.3d at 1273, *citing Purdue Pharma L.T. v. Boehringer Ingelheim GMBB*, 237 F.3d 1359, 1366 (Fed.Cir. 2001). This involves a two-step process: first, there must be a determination of "whether the withheld reference meets a threshold level of materiality and intent to mislead, and second, a weighing of the materiality and intent in light of all the circumstances to determine whether the applicant's conduct is so culpable that the patent should be unenforceable." *CFI*, 265 F.3d at 1273, *citing Baxter Int'l, Inc. v. McGaw, Inc.*, 149 F.3d 1321, 1327 (Fed.Cir. 1998). As we explained above, Judge Rosemond found the withheld references to be generally material, but he did not analyze their materiality in light of AEA's argument that they were merely cumulative since he found the requisite intent lacking.

4

T&B argues that Judge Rosemond's determination that there was insufficient evidence of intent was not thorough enough, given the language in *CFI*. As the opinion explains, inequitable conduct cases rarely include "smoking gun" evidence of intent. Instead, intent is most often gleaned from inferences drawn from all the facts, "with the collection of inferences permitting a confident judgment that deceit has occurred." *CFI*, 265 F.3d at 1274, citing *Akron Plymer Container Corp. v. Exxel Container, Inc.*, 148 F.3d 1380, 1382 (Fed.Cir. 1998). However, the fact that an excluded reference is material does not automatically compel a finding of intent. *CFI*, 265 F.3d at 1274 (internal citations omitted).

Nothing in *CFI* represents a departure from previous law, so we cannot reconsider Judge Rosemond's decision on this basis. Instead, we must look at whether he made an error of law or fact that precludes his denial of summary judgment. We find that he did not. First and foremost, "[b]oth intent and materiality are questions of fact." *Baxter*, 149 F.3d at 1327. In this case, there is a plain dispute between the parties regarding AEA's (and Mansell's) intent in withholding the foreign references and also regarding the materiality of the omission. We find that Judge Rosemond erred when he determined that the withheld references were material, since their materiality is a question of fact that cannot be determined at the summary judgment stage.

Further, even if Judge Rosemond was able to determine the references' general materiality, he did not go on to evaluate materiality in light of AEA's argument that the references were cumulative and thus need not be disclosed. AEA submitted an

5

affidavit from its expert who opined that this is the case, and we do not even need to decide if the references are in fact cumulative to deny summary judgment. T&B is free to attack the expert's qualifications and conclusions at trial; this does not alter the fact that there is a question of fact about the overall materiality of the foreign references. These questions of fact alone will preclude the granting of summary judgment.[3]

Aside from the question of Judge Rosemond's decision about materiality, T&B argues that Judge Rosemond erred when he held that there was not enough evidence to prove intent. It contends that a mere denial by AEA that it did not intend to deceive the USPTO is not sufficient to disprove intent, especially in light of *CFI,* and that taking all of the undisputed facts together, there is plenty of evidence to make an inference of deceit by AEA. T&B points out that the facts of *CFI* are similar to the instant case, and there, the court held that deceptive intent may be shown where a patentee withheld references and made an argument for patentability that could not have been made had the prior art been disclosed. See *GFI*, 265 F.3d at 1275, *citing LaBounty Mfg., Inc. v. United States Int'l Trade Commission*, 958 F.2d 1066, 1076 (Fed.Cir. 1992).

In *CFI*, the patentee had reviewed the claims and construction of a sofa recliner that was nearly identical to his own, and then excluded this reference from his patent application. In distinguishing certain <u>disclosed</u> references from his own design, the patentee made arguments that would not have distinguished his recliner from the reference he did not disclose. In contrast, although Mansell did not disclose the foreign references to the USPTO, he did distinguish them in correspondence to the

---

[3] *CFI* was an appeal of a decision after a bench trial, where the judge was able to resolve questions of fact.

EPO.[4] Thus, it is not clear that his arguments in favor of patentability would be precluded had he disclosed the foreign references.

After reviewing the undisputed facts, we agree with Judge Rosemond that there is not enough evidence to infer deceitful intent by AEA. Unlike in *CFI*, there are no undisputed facts which demonstrate that the undisclosed references were identical to AEA's technology. AEA's intent is a question of fact.

We find that there is a question of fact regarding intent even without considering the struck portions of Keith Mansell's affidavit. However, on reconsideration of Judge Rosemond's order, we find that a modification is warranted. We will not overturn Judge Rosemond's determination that paragraphs seven through nine are speculative, and thus not admissible. However, we will admit paragraph six, which contains Mansell's denial that he did not intend to deceive the PTO in this case and that he has never intentionally withheld material information from any patent application, even though he cannot remember his exact reasons for failing to disclose the foreign references to the USPTO. These statements are factual and we find that Mansell's averment that he has never intentionally withheld material information from the USPTO to encompass his statement that he cannot remember exactly why he did not disclose the foreign references. That is, whatever his reason for withholding was, it was not to deceive the PTO. These statements are relevant to intent and are not speculative –

---

[4] T&B argues that in its application to the USPTO, AEA distinguished a disclosed American patent (the Roth patent) by explaining that it did not have a layered structure like the '215 and '518 patents. This argument would not serve to distinguish AEA's patents from the German reference because the German reference also had a layered structure. This may be true, but as we explained above, AEA distinguished the German patent in a different way, so the reasoning of *CFI* is not applicable here.

they state what Mansell's practice is and has always been with regard to disclosing references to the PTO and thus we will allow them to stand.

Finally, T&B asks that if we deny its motion for summary judgment, we bifurcate the issue of inequitable conduct from the rest of the case and try it before the infringement portion. There are some compelling reasons in favor of bifurcation, but we find that the facts and evidence that would be presented at the inequitable conduct stage are not as separate for the infringement stage as T&B argues. Thus, we will deny the request to bifurcate. The question of fact about the materiality of the references will require the parties to present evidence about the foreign references and how they relate to the '518 and '215 patents. We agree with AEA that such an undertaking could very well involve claim construction and the presentation of experts who will also be needed at the infringement portion of the trial. Thus, it is not so apparent that bifurcation will convenience the parties.

For the above reasons, we deny T&B's motion to reconsider Judge Rosemond's denial of summary judgment on its defense of inequitable conduct and its motion to bifurcate. We grant in part and deny in part AEA's motion to reconsider Judge Rosemond's order striking the affidavit of Keith Mansell, and admit paragraph six of the affidavit. It is so ordered.

Michael T. Mason
United States Magistrate Judge

Date: February 4, 2002